UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ADAM J. MECHE**                                              **CIVIL ACTION**

**versus**                                                     **No. 07-1491**

**VLADIMIR I. VOLKOV,** *et al.*                               **SECTION: "I"/5**

ORDER

Considering the foregoing joint motion for entry of final judgment,

**IT IS ORDERED** that the joint motion for entry of final judgment is **GRANTED**, as this court has made an express determination that there is no just reason for delay in the entry of a final judgment regarding this Court's grant of National Indemnity Company's ("NIC") motion for summary judgment and, as such, a final judgment is expressly entered by this Court pursuant to the Federal Rules of Civil Procedure Rule 54(b), for the following reasons:

Rule 54(b) provides, in pertinent part:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The Fifth Circuit has held that "[o]ne of the primary policies behind requiring a justification for a Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Indus., Inc. v. Harrison County*

*Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996); *Ichinose v. Travelers Flood Insurance*, 2007 WL 1799673, at *2 (E.D. La. June 21, 2007) (Vance, J.) (quoting *Ichinose*). It is within the sound discretion of the district court to determine whether "there is no just reason for delay," which is the threshold inquiry for the district court. *Ichinose*, 2007 WL 1799673, at *2; *see Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992). The court should grant certification "only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Id*.

The court's ruling on NIC's motion for summary judgment operates to dismiss only those claims asserted by plaintiff against only one defendant, that is, NIC. As such, the procedural posture of this case falls within the ambit of Rule 54(b), as the parties have requested certification for the ruling which has dismissed only one of the parties from this litigation.

The existence of insurance coverage is a critical issue in this litigation. The court's ruling effectively leaves defendants, Vladimir Volkov and Selena Transport, without coverage of any nature for the injuries caused by Mr. Volkov's alleged negligence, leaving those defendants to stand personally responsible for any judgment obtained against them. Also, the "danger of hardship or injustice through delay" which is discussed by the *Ichinose* court is readily apparent in the instant matter, considering the time,

expense, and judicial resources, which will be expended in preparing for and trying this case without NIC, if the Fifth Circuit reverses this court's decision after trial. This Court finds that certification for immediate appeal is in the best interest of all the parties, and there are no just reasons which would weigh against entry of a final judgment regarding the ruling on NIC's motion for summary judgment. Furthermore, once the issue regarding coverage is determined by the Fifth Circuit, there no danger of a subsequent appeal regarding the same issue presented herein.

**IT IS FURTHER ORDERED** that the trial of the above-captioned matter, which is presently scheduled to begin on July 28, 2008, is continued pending the Fifth Circuit's disposition of this Court's order granting the parties' Rule 54(b) motion.

New Orleans, Louisiana, July __23rd__, 2008.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

3